**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

UPLIFTING ESSENTIALS, LLC,

Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE "A",

Defendants.

Case No. 2:26-cv-194-GSL-AZ

_____/

**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND**
**FAILURE TO STATE A CLAIM**

Defendant **ZunMeen (Amazon Seller ID ACIN34VDJKK0C)** ("Defendants"), by and

through undersigned counsel, respectfully moves this Court pursuant to Federal Rules of Civil

Procedure 12(b)(2) and 12(b)(6) to dismiss Plaintiff's Complaint [DE 1] as to ZunMeen.

In support thereof, Defendant states as follows:

**I. INTRODUCTION**

Plaintiff has failed to effect proper service of process on Defendant under the Hague

Service Convention, depriving this Court of personal jurisdiction. Even if jurisdiction existed,

the Complaint fails to state a claim for trademark infringement because Defendant's product

listings use purely descriptive, functional language that does not infringe Plaintiff's marks or

create a likelihood of consumer confusion.

**II. ARGUMENT**

Page 1 of 6

**A. The Court Lacks Personal Jurisdiction Due to Improper Service (Fed. R. Civ. P. 12(b)(2))**

Plaintiff has not properly served Defendant under the Hague Convention. The physical addresses publicly listed on their Amazon seller pages are authentic and verifiable.

- **ZunMeen (Seller ID ACIN34VDJKK0C)**: https://www.amazon.com/sp?seller=ACIN34VDJKK0C, Business Name HEFEI ZHUOMAN DIANZIKEJI YOUXIANGONGSI Address: 高新区杭埠路23号 安徽中科资城孵化器有限公司205室, 合肥市, 安徽 230000, CN.

Plaintiff's assertion — based solely on "experience" and without any due diligence — that these addresses are false is insufficient and a misrepresentation to the Court. Also, as undersigned is proficient in Chinese, on Baidu.com, an equivalent of google.com in China, the address above is verifiable as he ran the search.

On May 29, 2026, the Seventh Circuit held that where the Hague Convention applies, it prohibits service of process by email. *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, No. 25-2205, 2026 WL 1502198, at 5 (7th Cir. May 29, 2026). The Convention applies in all civil or commercial matters where there is occasion to transmit a judicial document for service abroad, unless the address of the person to be served is unknown. To avoid the Hague Convention, Plaintiff must demonstrate "reasonably diligent efforts" to ascertain Defendants' addresses — which Plaintiff has not done. *See also NBA Props., Inc. v. Partnerships and Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021).

Because service is defective, this Court lacks personal jurisdiction over the Defendant. The Motion for Preliminary Injunction must be denied.

**B. Plaintiff Fails to State a Claim for Trademark Infringement (Fed. R. Civ. P. 12(b)(6))**

Even assuming jurisdiction, the Complaint fails as a matter of law. Even if jurisdiction existed, Plaintiff cannot show a likelihood of success. The accused products use descriptive, functional language that does not infringe Plaintiff's trademarks.

The product is titled "Geiserailie 50 Pcs Arm Lift Tape Buttocks Lift Patch Instantly Shape Body Tape for Women for Flabby Arms Butt Leg Fat Body(Semi Rectangular)." In the section of About the Item, it mentioned "Instantly Lift Arms/ Buttocks" and describes functional benefits in plain English: "you will get 50 pre-cut arm/ buttocks lift tapes, arm lift tapesmeasuring about 7 x 3.5 inches/ 18 x 9 cm, buttocks lift tapes measuring about 7 x 5 inches/ 18 x 12.5 cm, designed for skin, safe and sufficient to meet your use needs…." This is a functional description, not use of Plaintiff's "INSTANT LIFTS" mark as a source identifier. *See* Exhibit A for the evidence provided by Plaintiff.

These are common descriptive terms in the body-tape category and do not create likelihood of confusion with Plaintiff's marks. Plaintiff's claims fail as a matter of law.

Defendants' use is not "as a mark" and creates no consumer confusion. The claims should be dismissed under Rule 12(b)(6).

**C. Applying the Seventh Circuit's Seven-Factor Likelihood of Confusion Test.**

**Factor 1: Similarity of the Marks**

Plaintiff's marks ("SKINNIES," "INSTANT LIFTS," "INSTANT THIGH LIFT") are not similar to the descriptive phrases used by Defendants ("Arm Lift," "Instantly Lift Arm/Buttoks"). These are common functional descriptions. *See Sorensen v. WD-40 Co*., 792 F.3d 712, 726 (7th Cir. 2015). Defendant did not use "INSTANT LIFTS," "INSTANT THIGH LIFT" as their marks on the product webpages.

**Factor 2: Similarity of the Products**

Defendant sells low-cost, disposable body-lifting tapes described in functional terms. Consumers are unlikely to attribute them to Plaintiff. *See Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 899 (7th Cir. 2001).

**Factor 3: Area and Manner of Concurrent Use**

Both sell on Amazon, but Defendants do not mimic Plaintiff's branding. *See Sorensen*, 792 F.3d at 726.

**Factor 4: Degree of Care Exercised by Consumers**

These are inexpensive items. However, the purely descriptive language reduces confusion risk. *See CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 683 (7th Cir. 2001).

**Factor 5: Strength of Plaintiff's Mark**

Even assuming strength, the functional descriptions do not create confusion. *See Sorensen*, 792 F.3d at 726.

**Factor 6: Evidence of Actual Confusion**

Plaintiff alleges none. *See Sorensen*, 792 F.3d at 726; also *see Packman v. Chicago Tribune Co.*, 267 F.3d 628, 645 (7th Cir. 2001), citing [Syndicate Sales, 192 F.3d at 636-37](plaintiff failed to produce sufficient evidence of actual confusion by relevant group of consumers).

**Factor 7: Intent of the Defendant**

No evidence of intent to "palm off." *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 645 (7th Cir. 2001).

Weighing these factors (with similarity of marks, similarity of products, and intent being especially important), there is no likelihood of confusion. Plaintiff is unlikely to succeed on the merits.

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant this Motion and dismiss the Complaint against **ZunMeen** with prejudice, or alternatively without prejudice. Defendant further requests such other relief as the Court deems just and proper, including an award of costs and attorney's fees if appropriate.

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
The Law Offices of James Liu PLLC
9000 SW 157th Street
Palmetto Bay, FL 33157
Tel: (305) 209-6188
Email: attorney.jianyinliu@gmail.com
Counsel for Defendant **ZunMeen**

### CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system on all counsel of record.

/s/ Jianyin Liu