**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**
Case No. 2:26-cv-194-GSL-AZ

UPLIFTING ESSENTIALS, LLC,

Plaintiff, v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED IN SCHEDULE "A",

Defendants.

---

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM

Defendants Deedlite US （Amazon Seller ID：AK8HQWQPZL3ZY), and Lonni

Lock Store (Amazon Seller ID：A3YGY86SUI3VQ)("Collectively "Defendants"), by and

through undersigned counsel, rrespectfully move this Court pursuant to Federal Rules of

Civil Procedure 12(b)(2) and 12(b)(6) to dismiss Plaintiff's Complaint [DE 1] as to these

Defendants.

In support thereof, Defendants state as follows:

### I. INTRODUCTION

Plaintiff has failed to effect proper service of process on Defendants under the Hague

Service Convention, depriving this Court of personal jurisdiction. Even if jurisdiction existed,

the Complaint fails to state a claim for trademark infringement because Defendants' product

Page 1 of 10

listings use purely descriptive, functional language that does not infringe Plaintiff's marks or create a likelihood of consumer confusion.

## II. ARGUMENT

### A. The Court Lacks Personal Jurisdiction Due to Improper Service (Fed. R. Civ. P. 12(b)(2))

Plaintiff has not properly served Defendants under the Hague Convention. The physical addresses publicly listed on their Amazon seller pages are authentic and verifiable.

- Deedlite US on https://www.amazon.com/sp?ie=UTF8&seller=AK8HQWQPZL3ZY&asin=B0F4KFV6YS&ref_=dp_merchant_link&isAmazonFulfilled=1:
  Business Name: fuzhoudilumaoyiyouxiangongsi
  Business Address:
  马尾区君竹路83号开发区科技发展中心大楼
  第七层N685室（自贸试验区内）
  福州市
  福建省
  350000
  CN[1]
- Lonni Lock Store, at https://www.amazon.com/sp?ie=UTF8&seller=A3YGY86SUI3VQ:
  **Business Name:** FujianSanmingJindouyunElectronicCommerceCo.,Ltd.
  **Business Address:**
  富兴堡街道富岗新村51幢808
  三明市
  三元区
  福建省
  365001
  CN[2]

---

[1] In English: Room N685, 7th Floor, Science and Technology Development Center Building, No. 83 Junzhu Road, Mawei District, Fuzhou City, Fujian Province 350000, China (within the Free Trade Pilot Zone). Translated by undersigned for the Court's reading convenience only.

[2] In English: Room 808, Building 51, Fuxingbao Subdistrict, Fugang New Village, Sanyuan District, Sanming City, Fujian Province 365000, China.

Defendants' declarations [DE 45. 46] support that the two addresses are able to receive any service of summon and/or complaint in the instant case for Defendants.

Plaintiff's assertion — based solely on "experience" and without any due diligence — that these addresses are false is insufficient and a misrepresentation to the Court.

On May 29, 2026, the Seventh Circuit held that where the Hague Convention applies, it prohibits service of process by email. *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, No. 25-2205, 2026 WL 1502198, at 5 (7th Cir. May 29, 2026). The Convention applies in all civil or commercial matters where there is occasion to transmit a judicial document for service abroad, unless the address of the person to be served is unknown. To avoid the Hague Convention, Plaintiff must demonstrate "reasonably diligent efforts" to ascertain Defendants' addresses — which Plaintiff has not done. *See also NBA Props., Inc. v. Partnerships and Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021).

Because service is defective, this Court lacks personal jurisdiction over these Defendants. The Motion for Preliminary Injunction must be denied.

## II. PLAINTIFF FAILED TO STATE A CLAIM

In the Complaint, Plaintiff alleged he used their registered marks on two websites, namely their own website and Amazon. *See* Compl., ECF No. 1, p. 4, ¶ 9, with note of two web links, https://skinniesinstantlifts.com/collections/all, and https://www.amazon.com/s

Page 3 of 10

me=A29KVMFH08ZYEK&marketplaceID=ATVPDKIKX0DER. On both websites, as seen from Figure 1 and 2 below, Plaintiff always use "SKinnies" as their mark and use "instantly lift," "instant lift," etc. as functional description *only*.



**Figure 1: Plaintiff's Own Website Product Demonstration**



**Figure 2: Plaintiff's Amazon Product Webpage**

**b.** "Instant Lift" Is a Common Descriptive Phrase with Longstanding Use in the Beauty and Shapewear Industry, Not a Novel or Distinctive Term Originated by Plaintiff

The phrase "instant lift" (and close variations such as "instant neck lift," "instant face lift," and "instant thigh lift") has been used for years as a generic, functional descriptor for adhesive tapes, patches, and non-surgical beauty solutions that provide immediate skin-tightening effects. Far from being a novel creation of Plaintiff, the term appears widely across third-party products, marketing materials, and consumer discussions predating or independent of Plaintiff's alleged use.

**Examples of Widespread Third-Party Use**:

- Products such as "Secret Lift Pro – Instant Neck Lift Tapes," "NeckTITE Magic – The Instant Neck Lift," and "Bring It Up Instant Face Lift Tape Kit" are sold on Amazon and marketed with nearly identical descriptive language.

- Competitor offerings like "PureCurve™ Instant Lift Tape" promote "instant lift & sculpt" for thighs, tummy, and bust.

- Beauty influencers and tutorials routinely refer to these products as providing an "instant lift" (e.g., "Instant Neck Lift AND Jowls in MINUTES" videos and "face lift tape" demonstrations).

**Historical and Industry Context**:

The concept of using adhesive tapes for temporary "instant" lifting effects has existed for decades in theater, film, and beauty applications (e.g., Mark Traynor-style face and neck tapes,

long used in Hollywood for on-camera lifts). Modern e-commerce has simply expanded the category with consumer-facing body tapes. Plaintiff's own products were pitched on *the product's function of* "instant lift" solution, rather than use it as its trademark, further illustrating the term's descriptive nature rather than source-identifying function. *See* Figure 1 below for Plaintiff's product on https://skinniesinstantlifts.com/collections/all, last visited on July 4, 2026.

This extensive third-party use, as well as Plaintiff's own preferable use as functional description, demonstrates that "instant lift" is a common, functional term in the body-shaping and shapewear market — akin to phrases like "quick dry" or "non-slip." Such descriptive terms are not entitled to trademark protection absent secondary meaning, which Plaintiff cannot establish given the crowded field. *See, e.g.*, *Sorensen v. WD-40 Co.*, 792 F.3d 712, 726 (7th Cir. 2015) (descriptive terms that convey information about the product do not create likelihood of confusion).

   c. **The accused products use descriptive, functional language that does not infringe Plaintiff's trademarks.**

- **Deedlite US**

The accused product is titled, *Lift and Glow Patches Legs for Sagging Skin, The Instalift Patch for Legs-Invisible Waterproof Adhesive Body Tape, Transparent Anti-Chafing SkinLifting & Firming (4.8x6 Inch)*. *See* Exhibit A, p. 1, Accused Product evidence provided by Plaintiff.

In the section About the Item, it did use "[Instant Lift & Glow Effect]" (Ex. A, p. 1), to describes functional benefits in plain English*:* This is a functional description, not use of

Plaintiff's "INSTANT LIFTS" mark as a source identifier.

- **Lonni Lock Store**

It used a product title, *The Instalift Patch for Legs, Nip Lift and Glow Patches Legs for Sagging Skin - Invisible Waterproof Adhesive Body Tape, Transparent Anti-Chafing Skin Lifting & Firming (4.8x6 Inch).* *See* Exhibit B, p. 1. No infringement of Plaintiff's marks "SKINNIES," "INSTANT LIFTS," "INSTANT THIGH LIFT."

Similarly, in the section About the Item, it did use "[Instant Lift & Glow Effect]" (Ex. B, p. 1), to describes functional benefits in plain English: This is a functional description, not use of Plaintiff's "INSTANT LIFTS" mark as a source identifier.

### d. Applying the Seventh Circuit's Seven-Factor Likelihood of Confusion Test.

- **Factor 1: Similarity of the Marks**
-
Plaintiff uses mark"SKINNIES," as the product's mark and use "INSTANT LIFTS," "INSTANT THIGH LIFT" to describe functions only.

Defendants all sell their products under their own trademarks. Defendants's uses of descriptive words such as  "Face Lift Tapes," "Neck Lift Tape," "Body  Lift  Tape," "Instant Neck Lift Tape, etc.,  are common  functional  descriptions. *See Sorensen v. WD-40 Co.*, 792 F.3d 712, 726 (7th Cir. 2015). None of Defendants used "INSTANT LIFTS," "INSTANT THIGH LIFT" as their marks on the product webpages.

- **Factor 2: Similarity of the Products**

Defendants sell low-cost, disposable body-lifting tapes described in functional terms.

Consumers are unlikely to attribute them to Plaintiff. *See Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 899 (7th Cir. 2001).

**- Factor 3: Area and Manner of Concurrent Use**

Both sell on Amazon, but Defendants do not mimic Plaintiff's branding. *See Sorensen*, 792 F.3d at 726.

**- Factor 4: Degree of Care Exercised by Consumers**

These are inexpensive items. However, the purely descriptive language reduces confusion risk. *See CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 683 (7th Cir. 2001).

**- Factor 5: Strength of Plaintiff's Mark**

Even assuming strength, the functional descriptions do not create confusion. *See Sorensen*, 792 F.3d at 726.

**- Factor 6: Evidence of Actual Confusion**

Plaintiff alleges none. *See Sorensen*, 792 F.3d at 726; also *see Packman v. Chicago Tribune Co.*, 267 F.3d 628, 645 (7th Cir. 2001), citing *Syndicate Sales, 192 F.3d at 636-37* (plaintiff failed to produce sufficient evidence of actual confusion by relevant group of consumers).

**- Factor 7: Intent of the Defendant**

No allegations of intent to "palm off." *See Packman v. Chicago Tribune Co.*, 267 F.3d

Page 8 of 10

628, 645 (7th Cir. 2001).

Weighing these factors (with similarity of marks, similarity of products, and intent being especially important), there is no likelihood of confusion. Plaintiff is unlikely to succeed on the merits.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion and dismiss the Complaint against DEEDLITE US and Lonni Lock Store with prejudice, or alternatively without prejudice. Defendants further request such other relief as the Court deems just and proper, including an award of costs and attorney's fees if appropriate

Dated: July 5, 2026

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
The Law Offices of James Liu
PLLC 30 N. LaSalle St.,
Suite 1510
Chicago, IL 60602
Tel: (305) 209-6188
Email:
attorney.jianyinliu@gmail.com
Counsel for Defendants

### CERTIFICATE OF SERVICE

I certify that this document has been served to all parties on record via CM/ECF on this

July 5, 2026.

/s/ Jianyin Liu